E. McLAMB, TRADING AS McLAMB MONUMENT COMPANY, v. R. J. DAWSON.

(Filed 17 October, 1956.)

APPEAL by defendant from *Bone, J.,* March, 1956, Term, WAYNE Superior Court.

On 10 September, 1954, the parties signed a written instrument under the terms of which the plaintiff agreed to manufacture and erect a specifically described monument at the tomb of the defendant's wife in Westview Cemetery, Kinston, North Carolina. The price agreed upon was $1,200. After the execution of the paper writing, according to plaintiff's allegations and evidence, a slight modification in design was agreed upon and made a part of the contract. The contract contained the following: "No verbal agreement allowed to vary the terms *of* conditions of this contract and this order is not subject to cancellation unless expressly stated herein." According to the plaintiff's allegations and evidence the marble for the monument was procured and the work completed with the exception of the inscription when, on 3 December, 1954, the defendant "asked" the plaintiff to cancel the contract and forbade the erection of the monument. The plaintiff asked for judgment of $1,200, the price of the monument.

The defendant admitted signing an order but denied it was a contract to purchase a monument and alleged and offered evidence tending to show that verbal conditions were attached to the delivery of the writing to the effect that the plaintiff would ascertain whether a Mr. Dail (with whom defendant had conferred about the purchase of a similar monument) could deliver a monument as desired by the defendant and, if so, the order should be deemed cancelled. The defendant denied any agreement for a change or modification in the design as alleged by the plaintiff. The defendant offered evidence tending to show that the monument the plaintiff offered to deliver was smaller and different from that called for in the order.

The jury found (1) the parties contracted as alleged, (2) the defendant breached the contract, and (3) the plaintiff was entitled to recover as damages the sum of $750.00. From judgment on the verdict, the defendant appealed.

*James N. Smith for plaintiff, appellee.*
*J. Faison Thomson & Son for defendant, appellant.*

PER CURIAM. The evidence at the trial was conflicting. The jury accepted the plaintiff's version. After examination of all the exceptive assignments, we find in the trial below

No error.

JOHNSON, J., not sitting.

———————————

J. EUSTICE BIZZELL, ADMINISTRATOR OF THE ESTATE OF JOHNNIE
LASSITER, v. MRS. HELEN CLEMENTS.

(Filed 17 October, 1956.)

APPEAL by plaintiff from *Bone, J.,* March Term, 1956, of WAYNE.

Civil action growing out of an automobile collision that occurred about 7:00 a.m., 23 February, 1955, in Wayne County, at the intersection of the Eureka-Goldsboro road and the Faro-Pikeville road.

Approaching the intersection, plaintiff's intestate was driving south on the Eureka-Goldsboro road, the dominant highway, passing a highway Crossroads Sign; and defendant was driving west on the Faro-Pikeville road, the servient highway, passing a highway Stop Sign.

Evidence offered by plaintiff tended to show that her intestate was driving some 30-40 miles per hour, on his right side of the highway; that defendant could be observed approaching the Stop Sign and intersection "pretty·fast"; that, without stopping or reducing speed, defendant drove into the intersection; and that the collision occurred when defendant's car struck the left side of the car of plaintiff's intestate.

Evidence offered by defendant tended to show that, while she did not come to a complete stop, she almost stopped; that she looked, saw nothing coming, and drove into the intersection at a speed of 5-10 miles per hour; and that, while attempting to cross the intersection, the car of plaintiff's intestate came on at an unlawful speed, to wit, 60 miles per hour, striking the right front wheel of her car.

Plaintiff's intestate died from injuries caused by said collision; also, his automobile was damaged.

The jury answered the negligence issue "Yes," and also answered the contributory negligence issue "Yes." Upon the verdict, judgment was entered for defendant. Plaintiff excepted and appealed, assigning errors.

*J. Faison Thomson & Son for plaintiff, appellant.*
*Edmundson & Edmundson for defendant, appellee.*

PER CURIAM. Under the pleadings and evidence, the issues of negligence and contributory negligence were properly submitted; and, while the contributory negligence issue might have been answered otherwise,